KEVIN V. RYAN (CASBN 118321)
United States Attorney

MARK L. KROTOSKI (CASBN 138549)
Chief, Criminal Division

GARTH HIRE (CASBN 187330)
JAMES E. KELLER (NYSBN 2893881)
Assistant United States Attorneys

   1301 Clay Street, Suite 340S
   Oakland, California 94612-5217
   Telephone: (510) 637-3929
   Facsimile:  (510) 637-3724

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,  )<br>  )<br>   Plaintiff,  )<br>  )<br>v.  )<br>  )<br>MICHAEL GREEN JOHNSON, et al.,  )<br>  )<br>   Defendants.  )<br>_____ ) | No. CR 06-00189 SBA<br><br>STIPULATION AND PROTECTIVE ORDER REGARDING PRODUCTION OF CONFIDENTIAL DISCOVERY |

    Plaintiff, by and through its attorney of record, and defendants, by and through their attorneys of record, hereby stipulate as follows:

    1. On March 23, 2006, a federal grand jury indicted defendants for conspiracy to distribute, and to possess with intent to distribute, cocaine, cocaine base, and methamphetamine in violation of Title 21, United States Code, Section 846, and distribution, and possession with intent to distribute, cocaine, cocaine base, and methamphetamine in violation of Title 21, United States Code, Section 841(a)(1).

    2. The indictment followed an approximately five-month wiretap investigation. In its applications for wiretap orders the government relied on information provided by, and controlled purchases of narcotics conducted by, confidential sources whom the government believes could

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY

be in danger if their identities were determined from the wiretap applications, related documents, and other materials regarding confidential sources and witnesses.

3.  The government believes that the proposed protective order is necessary to prevent certain discovery materials from being disseminated among members of the public and the various defendants in this case, as well as their associates and family members.  The government is particularly concerned about the wiretap affidavits and related documents because the identities of confidential sources and informants could be determined from those materials.  The government believes that the proposed protective order will greatly reduce the possibility that individuals will misuse discovery materials to identify, intimidate, and/or harm confidential sources, witnesses, and/or defendants.  The parties do not anticipate that a large volume of material will need to be covered by this protective order.

4.  Defendants and their counsel deny that any person would be endangered by defendants' possession of any discovery material in this matter.  The parties agree that no inference should be drawn about defendants' dangerousness because of their agreement to enter into this stipulation.

5.  The parties agree that the following conditions, if ordered by the Court pursuant to Federal Rule of Criminal Procedure 16(d)(1), should serve the government's interest in protecting confidential sources, defendants, and other members of the community and reducing the risk of retribution taken against confidential sources by precluding the circulation of the wiretap affidavits and other related documents throughout the prison system and the community, while permitting the defense to obtain discovery required by Federal Rule of Criminal Procedure 16.[1]  Accordingly, the parties jointly request that the Court order as follows:

   a.  For purposes of this Order, the term "defense team" refers to: (1) the counsel of record for defendants; (2) the joint defense motions/research attorney; (3) defense investigators assisting those counsel with this case; (4) any expert witnesses who may be retained or appointed

---

[1] The parties agree that the purpose of this stipulation is to regulate the manner in which confidential discovery is produced and is not intended to govern the timing of the production of any discovery in this case.

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY                    2

by the defense team; and (5) any discovery coordinator and his or her staff whose function is to copy and disseminate discovery provided by the government to the defendants' counsel.  Each member of the defense team must provide the government with a letter indicating that they have read this stipulation and agree to be bound by its terms.  For purposes of this Order, the term "defense team" does <u>not</u> include defendants.

   b. The government is authorized to provide each defense team with discovery required by F.R.Cr.P. 16 and may, in its discretion, designate any discovery produced as "Confidential Discovery" to be governed by the terms of this protective order.  The government may designate discoverable documents, items, and materials relating to confidential sources or other individuals who would be in danger if their identities were known, by marking such discovery as "CONFIDENTIAL" and shall produce such discovery on a CD marked "WARNING: CONTENTS SUBJECT TO PROTECTIVE ORDER.  UNAUTHORIZED COPYING OR VIEWING IS SUBJECT TO PUNISHMENT AS CONTEMPT OF COURT."

   c. The defense teams shall not permit anyone, <u>including defendants</u>, to have physical possession of Confidential Discovery pursuant to this Order other than the defense teams.

   d. A defense team shall not divulge the contents of any Confidential Discovery provided pursuant to this Order to anyone other than the individual defendant it represents.  A defense team member may show Confidential Discovery to the individual defendant it represents in the physical presence of a defense team member but may not permit that defendant to have physical possession of the Confidential Discovery.

   e. The defense team shall not permit Confidential Discovery provided pursuant to this Order to be outside of the defense team's offices, homes, vehicles, or personal presence.  The defense team may take Confidential Discovery into a custodial facility to show it to the individual defendant it represents but, as explained above, the defense team must maintain physical possession of the Confidential Discovery and may not allow the defendant to have physical possession of the Confidential Discovery.

   f. In the event that one of the parties files a pleading that references or contains Confidential Discovery or information therefrom, that filing must be made under seal.

g.  Each defense team shall return all Confidential Discovery provided pursuant to this Order to the government fourteen calendar days after the following event: dismissal of all charges against defendant; defendant's acquittal by court or jury; filing of a notice of appeal from conviction and/or sentence; or the conclusion of any direct appeal, whichever occurs latest in time.  In the event that the defense team has made notes or marks on the Confidential Discovery constituting work product the defense team shall return the materials to the government in a sealed container labeled "WORK PRODUCT-DESTROY."

h.  In the event that a defendant's counsel believes that a document or other item of discovery identified by the government as Confidential Discovery covered by this protective order needs to be retained or possessed by defendant himself or herself, defendant's counsel shall first meet and confer with the government in an effort to reach a stipulation and proposed order to exempt the item or document from the protective order.  If the government and a defendant's counsel are unable to reach such an agreement then defendant's counsel may apply to this Court for relief from the protective order as to the document or item of discovery at issue.  This procedure is not intended to alter in any way the otherwise applicable law relating to the showing that must be made by any party seeking a protective order or relief therefrom.

i.  After the conclusion of proceedings in the district court or any direct appeal in the above-captioned case ("this case"), the government will maintain a copy of all Confidential Discovery produced in this case.  The government will maintain such documents until the time period for filing a motion pursuant to 28 U.S.C. § 2255 has expired.  After the statutory time period for filing such a motion has expired, the government may destroy the documents.  In the event a defendant is represented by counsel and files a motion pursuant to 28 U.S.C. § 2255, the government will provide that counsel with a copy of the Confidential Discovery under the same restrictions as trial and direct appeal defense counsel.  Defendant's attorney in any action under 28 U.S.C. § 2255 shall return the Confidential Discovery fourteen calendar days after the district

///

///

1  ///

2  court's ruling on the motion or fourteen calendar days after the conclusion of any direct appeal

3  of the district court's denial of the motion, whichever is later.

4      IT IS SO STIPULATED.

5  DATE: July 3, 2006                          Respectfully submitted,

6                                              KEVIN V. RYAN
                                               United States Attorney
7

8                                              _____/s/[2]_____
                                               GARTH HIRE
9                                              JAMES E. KELLER
                                               Assistant United States Attorneys
10
                                               Attorneys for Plaintiff
11                                             UNITED STATES OF AMERICA

12

13  _____/s/_____            _____/s/_____
    MARK VERMEULEN, ESQ.                       HAROLD ROSENTHAL, ESQ.
14
    Counsel for Michael Green Johnson          Counsel for Bobby Ray Williams
15

16
    _____/s/_____            _____/s/_____
17  RICHARD TAMOR, ESQ.                        MARY McNAMARA, ESQ.

18  Counsel for Eddie Sherman Thomas           Counsel for Jose Carlos Batriz

19

20  _____/s/_____            _____/s/_____
    JULIANA DROUS, ESQ.                        TONY TAMBURELLO, ESQ.
21
    Counsel for Stephen Louis Montgomery       Counsel for Demetriz Louis
22

23
    _____/s/_____            _____/s/_____
24  ALAN DRESSLER, ESQ.                        GERI LYNN GREEN, ESQ.

25  Counsel for Antoine Demetrious Smith       Counsel for Martin Eugene Roberts

26

27  _____

28      [2]  I hereby attest that I have on file all the holograph signatures for any signatures indicated by a "conformed" signature (/s/) within this e-filed document.

STIPULATION AND PROTECTIVE ORDER
RE CONFIDENTIAL DISCOVERY                5

| | |
|---|---|
| /s/<br>JOYCE LEAVITT, ESQ.<br>Assistant Federal Public Defender<br><br>Counsel for Carl Gatlin | /s/<br>BRIAN P. BERSON, ESQ.<br><br><br>Counsel for Terrance Thomas |
| /s/<br>MICHAEL STEPANIAN, ESQ.<br><br>Counsel for Leon Wilson | /s/<br>V. ROY LEFCOURT, ESQ.<br><br>Counsel for Tanya Walton |
| /s/<br>ERIK BABCOCK, ESQ.<br><br>Counsel for Sherman Gay | /s/<br>NINA WILDER, ESQ.<br><br>Counsel for Mark Gibson |

**ORDER**

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED:  The government is hereby authorized, pursuant to Federal Rule of Criminal Procedure 16, to disclose discovery to the defense and may designate discovery to be governed by this protective order as Confidential Discovery.   The parties are hereby ordered to comply with the conditions set forth in paragraphs 5(a)-(i) of this stipulation and order pursuant to Federal Rule of Criminal Procedure 16(d)(1).

DATED: 7/5/06

/s/ Saundra B. Armstrong
HONORABLE SAUNDRA B. ARMSTRONG
UNITED STATES DISTRICT JUDGE